Ruffin, Judge.
 

 The judgment on the
 
 scire facias
 
 is a nullity for the want of a party defendant. It is true, the heirs need not bo named in the process, and frequently it is best not to name them, because, if one be omitted, and advantage taken of it, by plea of the other, it may be difficult to get over it; whereas, if the process be general, and the sheriff fail to return all the heirs, that, upon suggestion, may be supplied by further process. The defect here does not consist in the omission of the names of the heirs in the
 
 scire facias,
 
 but that omission runs throughout. Neither the plaintiff has named him, or the sheriff returned him.' So that in no part of the proceedings does it appear who is heir, nor certainly that there is one. It is said, that he may be out of the state, and in that case, there could not be service ; and yet, the plaintiff could have judgment under the fourth section of the act of 1784. But it must appear who in particular is out of the state, in order that there may be a person befoi’e the court. If the plaintiff name the heir, the sheriff may return that that person resides without the state. If the sheriff is commanded to summon the heir generally, and the heir resides here, he cannot return generally that he has summoned the heir, but must say who is heir, and that he has summoned him. And as the return of a foreign residence is only in the place of actual service, the sheriff must in that case, say that such an one is heir, and that
 
 he
 
 resides out of the state. When no heir is known, the University is the owner, of the land and must be brought in.
 

 
 *535
 
 The cases cited for the plaintiff have no application. There the defendants were irregularly brought in, or proceeded against irregularly. Here no defendant is before the court in any manner, and the judgment is against nobody, it is void and all proceedings under it*
 

 Per Curiam — Judgment reversed.